UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARDIOVASCULAR ASSOCIATES, INC. | CIVIL ACTION |
| VERSUS | NO. 07-1126 |
| LAKEVIEW MEDICAL OFFICE BUILDING, L.L.C., ET AL | SECTION "C" (1) |

ORDER AND REASONS

This matter comes before the Court on (1) motion to strike Sally Kingston as a designated expert; (2) motion in limine to exclude the testimony of Patrick Malik; and 3) motion in limine to exclude the testimony of Kevin M. Neyrey, all filed by Lakeview Medical Building, L.L.C. ("LMOB") and InSite Properties, Inc. ("InSite"). The motions are opposed by the plaintiff, Cardiovascular Associates, L.L.C. ("CVA"). Having reviewed the record, the memoranda of counsel and the law, the Court has determined the motions as follows.

**Motion to strike Sally Kingston as a designated expert**

1

There is no dispute that the plaintiff has not provided an expert report or curriculum vitae for this proposed expert.  CVA argues that Kingston was deposed, Kingston was not specially retained or employed as an expert and the motion "puts more value on an unnecessary report than the expert's deposition testimony. " (Rec. Doc. 64, p. 2).

At the outset, the Court notes that the scheduling order provided at the preliminary pre-trial conference requires the provision of such reports from experts as defined by Fed. R. Civ. P. 26(a)(2)(B), which extends the definition to witnesses "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."  The Court is not persuaded that Kingston, an employee of CVA, does not fall within the rule's definition.  In any event, the plaintiff's non-disclosure reveals a lack of cooperation that is assumed to exist under the scheduling order.

The plaintiff also relies on the test set forth in *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996), to excuse its failure to properly disclose this witness.  The *Barrett* case instructs that before striking a proposed expert, the courts should consider the plaintiff's explanation, the resulting prejudice, the possibility of curing prejudice with a continuance and the importance of the witness's testimony.  The joint motion to

continue the trial may well make this motion moot. If the plaintiff intends to use Kingston as an expert witness, it shall fully comply with the disclosure requirement within ten days.

**Motion in limine to exclude testimony of Patrick Malik**

The defendants seek the exclusion of the proposed expert testimony of this witness because he seeks to interpret the legal effect of the provisions of the lease. The plaintiff argues that this witness is "being called as an expert in property management to testify to the obligations and standards applicable to landlords and property managers." and not offered "as an English language expert," "as an interpreter of leases," or "as an expert on legal duty." (Rec. Doc. 67, p. 2). The plaintiff seems to be arguing a distinction without a difference. The parties appear to agree that their relationship is governed by the lease and there has been no showing that any of the subject language of the lease is ambiguous so as to allow for parol evidence. As a result, there has been no showing that this testimony is appropriate or necessary in this non-jury matter.

**Motion in limine to exclude the testimony of Kevin M. Neyrey**

The defendants seek the exclusion of this witness based on the fact that this testimony is speculative and that accurate and available documentary evidence should

form the basis of any opinion as to the amount of plaintiff's damages. The expertise of the witness is not challenged. In light of the recent ruling on the defendant's motion to compel, from which no appeal has been taken, the Court finds that this objection goes to the weight to be given the testimony and not its admissibility. (Rec. Doc. 80).

Accordingly, IT IS ORDERED that the motion to strike Sally Kingston as a designated expert filed by Lakeview Medical Building, L.L.C. and InSite Properties, Inc. is PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Doc. 57). The witness's proposed expert testimony will be struck if the plaintiff does not comply with the Court's disclosure requirements within ten days from the date of this order.

IT IS FURTHER ORDERED that the motion in limine to exclude the testimony of Patrick Malik filed by Lakeview Medical Building, L.L.C. and InSite Properties, Inc. is GRANTED. (Rec. Doc. 58).

IT IS FURTHER ORDERED that the motion in limine to exclude the testimony of Kevin M. Neyrey filed by Lakeview Medical Building, L.L.C. and InSite Properties, Inc. is DENIED. (Rec. Doc. 60).

New Orleans, Louisiana, this 12th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE